Law Offices of Tracy S. Essig, PLC
3509 E. Shea Blvd., Suite 117
Phoenix, Arizona 85028
Tel.: 602-493-2326
FAX: 602-482-3164

Tracy S. Essig (#012131) tracy@tessiglaw.com

Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>TERRY KATHRYN NAGEL<br><br>                     Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 09-BK-21327-GBN<br><br>**DEBTOR'S INITIAL RESPONSE TO THE LODGING OF AN ORDER REGARDING MOTION TO LIFT STAY AND THE ADDITIONAL RELIEF SOUGHT**<br>**(Docket No. 13)** |

Terry Nagel ("Debtor"), by and through her undersigned attorney, hereby files its Response to the Motion filed by Mortgage Electronic Registratin Systems as Nominee for Wells Fargo-Acquisition ("Wells Fargo") and requests that the lodged Order not be signed. Debtor will file a more detailed supplement wherein not only is the relief requested by Wells Fargo, but sanctions against it and/or the law firm representing it and acting on its behalf. This pleading is filed to stop the Order approving the lift stay from being signed by the Court and entered into the record.

**I.    INTRODUCTION**.

The Debtor was given an extension to file a response to the Motion to Lift Stay so that Wells Fargo could ascertain what it is doing on its side of this matter. *See* E-mail from Wendy A. VanLuven, October 27, 2009, Attached as Exhibit "A." As was Wells Fargo stated herein:

> I have just returned from vacation and have not yet looked at this file in its entirety. Having said this, we will grant the extension to respond for 7 days, so that I can reach out to the client and see if all of the loan modification documents are received.

*See* E-mail from Wendy A. VanLuven, October 27, 2009, Attached as Exhibit "A."

The history of this case shows that 1.) the Debtor has done everything in her power to cooperate with Wells Fargo, ranging from making post-petition payments and beginning negotiations regarding loan modification and 2.) Wells Fargo has violated the Automatic Stay numerous times with a clear disregard for the provisions of the Bankruptcy Code. Wells Fargo should not be rewarded for its improper conduct. AFTER THE FILING OF BANKRUPTCY AND <u>WITH FULL KNOWLEDGE OF THE BANKRUPTCY FILING</u>, WELLS FARGO DID THE FOLLOWING:

1. Held a deed of trust sale on the subject property post-petition;

2. Made demand for rent from the Debtor for its post-petition occupancy of the subject property post-;

3. Commenced a forcible detainer action against the Debtor to have her removed from the subject property post-petition;

4. Made Demand of the payment of the pre-petition payments prior to the entry of discharge or the closing of the case. In fact, the Debtor had remained current on its post-petition payments. The only payments that were missed were 3-4 pre-petition payments; and

5. Filed the Motion even though the Debtor has paid her post-petition house payments, filed a hardship request with Wells Fargo per its instruction and the loan modification process (discussions, but no payments or collection efforts have been exercised as to modification). This is especially significant because, as Wells Fargo knows, the Debtor's house payment is at 38% of her gross income, so she will get some relief under the Hamm program, which would lower it to 31%.

6. There has been mass confusion as to what Wells Fargo is doing in this matter. For example, Debtor and her counsel are confused and concerned as to what Wells Fargo knows/does not know/what it intends to do with this file. Counsel for the Debtor has dealt with six (6) individuals

concerning the wrong doing by the Wells Fargo and/or there counsel at the direction of Wells Fargo, all of which have said they sent this information to the client. Additionally, the Debtor has dealt with 2 individuals at Wells Fargo concerning the loan payment and/or modification status.

.[1]

## II. THE MOTION SHOULD BE DENIED AND SANCTIONS AWARDED.

Based on the foregoing, the Motion should be denied. "Cause" does not exist under §362(d) to grant Wells Fargo of the automatic stay as it seeks in the Motion. The automatic stay of 11 U.S.C. §362 should not be terminated, extinguished and/or modified in any way in relation to the property in question. Additionally, Debtor is entitled to sanctions for the numerous violations of the automatic stay by Wells Fargo. As the above does show, and the supplement will further demonstrate, sanctions in this matter are clearly warranted..

Dated this 3rd day of November, 2009.

    Law Offices of Tracy S. Essig, PLC

    By: T.S.E. (#012131)_____
       Tracy S. Essig, Esq.
       3509 E. Shea Boulevard, Suite 117
       Phoenix, Arizona 85028
       Attorneys for the Debtor

By the direction of the undersign,
the Original filed this 3th day
of November, 2009 and a copy sent
via mail/e-mail/fax (as listed) to:

Leonard J. McDonald

–3–

| | |
|---|---|
| 1 | Tiffany & Bosco |
| 2 | 2525 E. Camelback Rd., Suite 600 |
|   | Phoenix, Arizona |
| 3 | 85016 |
| 4 | Office of the U.S. Trustee |
|   | 230 North First Avenue, Suite 204 |
| 5 | Phoenix, AZ  85003-1706 |
|   | USTPRegion14.PX.ECF@USDOJ.GOV |
| 6 | |
| 7 | By: Tracy S. Essig |